IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| South Carolina Department of Health and Human Services, | ) ) Civil Action No.:_____ |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Shirley Askins as Next Friend of M.C., a minor; Michelle Benson as Next Friend of L.S., a minor; Tammy DelaCruz as Next Friend of M.D., a minor; Alice Graham as Next Friend of M.O. Jr., a minor; Kerry B. Johnson as Guardian ad Litem of H.H., a minor; Serena McFadden as Next Friend of S.M., a minor; Demetria Orange as Next Friend of J.B., a minor; Yajaira Vereen as Next Friend of J.V., a minor; Shanequa Heyward a.k.a Shanequa Heyward Scott as Next Friend of T.H., a minor; Joan Barra as Next Friend of I.B.., a minor; John Doe 1 as Next Friend of J.B., a minor; John Doe 2 as Next Friend of T.M., a minor; John Doe 3 as Next Friend of A.W., a minor; John Does 4-10, and Graham Law Firm, P.A. | ) ) ) ) COMPLAINT FOR DECLARATORY ) JUDGMENT ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff, South Carolina Department of Health and Human Services (hereafter "SCDHHS"), by and through its counsel, hereby petitions this Court for a declaratory judgment pursuant to 42 U.S.C. §1396 and 28 U.S.C. §§2201 *et seq.*, and complains against Defendants as follows:

### INTRODUCTION

1.      This action arises out of the Defendants' actions and inactions concerning failure to reimburse the South Carolina Medicaid program for medical benefits paid on the behalf of the Defendant minor's which arose as the result of alleged medical malpractice which occurred at the

1

time of the birth of each minor child and for which Medicaid has asserted a right of subrogation for medical expenses incurred as to each minor child.

2.      Plaintiff brings this action pursuant to 42 U.S.C.S. §1396 against Defendants seeking a declaratory judgment finding that SCDHHS is entitled to exercise its right of subrogation for medical expenses and benefits paid on behalf of each minor and the asserted liens are due for repayment.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

4.      Venue is appropriate in this District under 28 U.S.C. § 1391 because the Defendants are all residents of the State in which the District is located.  Venue is further appropriate under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6.      Plaintiff South Carolina Department of Health and Human Services is a governmental agency of the State of South Carolina.  The Plaintiff is authorized and empowered by S.C. Code Ann. §§ 410 *et seq*. to enforce its statutory assignment and subrogation rights and recover amounts due to the Plaintiff as reimbursement from third parties for amount paid for medical services through the Social Security Act-Medical Assistance (hereinafter "Medicaid")

7.      Upon information and belief Defendant Shirley Askins is the Next Friend of M.C., a minor, and is a resident of the County of Florence, State of South Carolina.   Defendant Shirley Askins filed a medical malpractice action in Florence County, South Carolina, C.A 2012-CP-21-1131, claiming as damages. medical benefits which were paid on the minor's behalf by Medicaid.

8.     Upon information and belief Defendant Michelle Benson is the Next Friend of L.S., a minor, and is a resident of the County of Clarendon, State of South Carolina.  Defendant Michelle Benson filed a medical malpractice action in Clarendon County, South Carolina, C.A No. 2013-CP-14-00160, claiming as damages medical benefits which were paid on the minor's behalf by Medicaid.

9.     Upon information and belief Defendant Tammy DelaCruz is the Next Friend of M.D., a minor, and is a resident of the County of Horry, State of South Carolina.  Defendant Tammy DelaCruz filed a medical malpractice action in Horry County, South Carolina, C.A No. 2013-CP-26-05224, claiming as damages medical benefits which were paid on the minor's behalf by Medicaid.

10.     Upon information and belief Defendant Alice Graham is the Next Friend of M.O. Jr., a minor, and is a resident of the County of Greenville, State of South Carolina.  Defendant Alice Graham filed a medical malpractice action in Greenville County, South Carolina, C.A No. 2013-CP-23-03192, claiming as damages. medical benefits which were paid on the minor's behalf by Medicaid.

11.     Upon information and belief Defendant Kerry B. Johnson is the Next Friend of H.H., a minor, is a resident of the County of Richland, State of South Carolina.  Defendant Kerry B. Johnson filed a medical malpractice action in Richland County, South Carolina, C.A No. 2013-CP-40-01509, claiming as damages medical benefits which were paid on the minor's behalf by Medicaid.

12.     Upon information and belief Defendant Serena McFadden is the Next Friend of S.M., a minor, and is a resident of the County of Florence, State of South Carolina.   Defendant Serena McFadden filed a medical malpractice action in Florence County, South Carolina, C.A No.

2012-CP-21-1140, claiming as damages medical benefits which were paid on the minor's behalf by Medicaid.

13.     Upon information and belief Defendant Demetria Orange is the Next Friend of J.B., a minor, and is a resident of the County of Greenville, State of South Carolina. Defendant Demetria Orange filed a medical malpractice action in Greenville County, South Carolina, C.A No. 2011-CP-23-06665, claiming as damages. medical benefits which were paid on the minor's behalf by Medicaid.

14.     Upon information and belief Defendant Yajaira Vereen is the Next Friend of J.V., a minor, and is a resident of the County of Florence, State of South Carolina. Defendant Yajaira Vereen filed a medical malpractice action in Florence County, South Carolina, C.A No. 2012-CP-21-1164, claiming as damages. medical benefits which were paid on the minor's behalf by Medicaid.

15.     Upon information and belief Defendant Shanequa Heyward a.k.a Shanequa Heyward Scott as is the Next Friend of T.H. a minor, and is a resident of the County of Charleston, State of South Carolina. Defendant Shanequa Heyward filed a medical malpractice action in Charleston County, South Carolina, C.A No. 2011-CP-10-6362, claiming as damages. medical benefits which were paid on the minor's behalf by Medicaid and/or a Managed Care Organziation (MCO).

16.     Upon information and belief Defendant Joan Barra is the unknown Next Friend of I.B., a minor, and is a resident of the County of Spartanburg, State of South Carolina. Defendant Joan Barra filed a medical malpractice action in Spartanburg County, South Carolina, C.A No. 2009-CP-42-00670, claiming as damages. medical benefits which were paid on the minor's behalf by Medicaid

17. Upon information and belief Defendant John Doe 1 is the unknown Next Friend of J.B., a minor born in 2003, and is a resident of the State of South Carolina. Medicaid has asserted a subrogation lien seeking reimbursement of medical benefits due to an injury sustained by the minor.

18. Upon information and belief Defendant John Doe 2 is the unknown Next Friend of T.M., a minor, and is a resident of the State of South Carolina. Medicaid has asserted a subrogation lien seeking reimbursement of medical benefits due to an injury sustained by the minor.

19. Upon information and belief Defendant John Doe 3 is the unknown Next Friend of A.W., a minor born in 2009, and is a resident of the State of South Carolina. Medicaid has asserted a subrogation lien seeking reimbursement of medical benefits due to an injury sustained by the minor.

20. Defendants John Doe 4-10 are the unknown Next Friends of unknown minors who are residents of the State of South Carolina and are similarly situated to the other named Defendants.

21. Defendant Graham Law Firm, P.A., is a corporation organized and doing business in the State of South Carolina with its principal place of business in Florence County, South Carolina.

**FACTUAL ALLEGATIONS**

22. The United States, through amendments to the Social Security Act, 42 U.S.C. §§ 1396 *et seq*., established Medicaid as a joint federal and state program that assists with payment of medical costs for eligible low-income adults, children, pregnant women, elderly adults and people with disabilities.

23. As part of providing funding to states for payment of medical costs, the United States requires each state to have plans and procedures in place to investigate the possibility of third-party repayment for amounts through the Medicaid program.

24. Furthermore, states are required to assert assignment and subrogation rights, enforce those assignment and subrogation rights, and collect payments from third parties as repayment of money spent for medical benefits when possible.

25. In South Carolina, the Plaintiff is the entity responsible for administering Medicaid and seeking repayment of payments for medical benefits under Medicaid from third parties where appropriate.

26. The minor Defendants identified in paragraphs 7 through 20 all received medical treatment alleged to result from negligence of third parties and for which Medicaid paid.

27. Under S.C. Code Ann. § 43-7-430, the Plaintiff automatically has a right to recover an amount paid by Medicaid for medical expenses from a third party alleged to have been responsible for the condition necessitating treatment.

28. The minor Defendants identified in paragraphs 7 through 20, through the next friends identified in the same paragraphs, did make and pursue claims against third parties for injuries sustained and for medical treatment provided for which Medicaid paid.

29. The Plaintiff had a lien automatically attach to any amounts recovered by the Defendants identified in Paragraphs 7 through 20 from those third parties.

30. Defendant Graham Law Firm, P.A. provided legal representation to all of the minor Defendants and their next friends identified in Paragraphs 7 through 20.

31. The Plaintiff put the Defendants and their next friends identified in Paragraphs 7 through 20 and Defendant Graham Law Firm as to the existence of its lien on any amounts recovered from third parties.

32. The minor Defendants and their next friends identified in Paragraphs 7 through 16 filed the referenced lawsuits seeking to recover damages as a result of the negligence that necessitated the medical treatment for which Medicaid paid, and Defendant Graham Law Firm represented those defendants.

33. In each of the lawsuits referenced in Paragraphs 7 through 16, the Defendants claimed as elements of damages past medical expenses.

34. In each of the lawsuits referenced in Paragraphs 7 through 16, the parties reached settlements.

35. Pursuant to South Carolina law, each of the settlements had to be Court approved because of the amount of the net settlements being paid to the minors.

36. In petitions submitted to the state court seeking approval of the settlements reached in each of the lawsuits referenced in Paragraphs 7 through 16, the Defendants asserted that the liens claimed by the Plaintiff were invalid.

37. In each of the lawsuits referenced in Paragraphs 7 through 16, the state Courts ordered Defendant Graham Law Firm to maintain in its trust account amounts sufficient to satisfy the Plaintiff's liens.

38. Defendant Graham Law Firm now serves as trustee for the monies set aside and allocated for satisfaction and resolution of Plaintiff's liens.

39. The Plaintiff has requested payment of its liens by Defendant Graham Law Firm, which has refused to satisfy those liens.

40. The Defendants take the position that they are not required to make payment to the Plaintiff to satisfy the liens asserted by the Plaintiff on the grounds of the liens are not valid pursuant to 42 U.S.C. § 1396(p) and subsequent case law.

41. The individual Defendants have filed petitions the state courts in South Carolina to declare the Plaintiff's liens invalid.

42. With eight different petitions pending in multiple counties across South Carolina, there exists probability of inconsistent rulings on this issue.

43. An actual controversy exists between the Plaintiff and Defendants regarding the existence of the Plaintiff's liens and the Defendants' obligations to satisfy those liens.

## FOR A FIRST CAUSE OF ACTION
### (**DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §§ 2201** *et seq*.)

44. The prior allegations, not inconsistent, are incorporated herein by reference.

45. An actual and justiciable controversy and dispute exists between the Parties.

46. The Plaintiff asks the Court to declare that Plaintiff's liens on amounts recovered by Defendants in Paragraphs 7 through 20 above are valid and enforceable and must be satisfied from any settlement mount received.

47. Accordingly, pursuant to 28 U.S.C. § 2201, the Plaintiff respectfully asks the Court to make the judicial declarations set forth in the above Paragraph.

## PRAYER FOR RELIEF

WHEREFORE, having fully set forth the grounds in its Complaint, Plaintiff asks the Court for the following:

8

1. For declaratory judgment in favor of the Plaintiff and against all Defendants declaring the Plaintiff's liens against the Defendants as set forth in the Complaint are valid and enforceable;

2. For an award of costs and fees to the extent permitted by law; and

3. For such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **Willson Jones Carter & Baxley, P.A**.

    s/Charles F. Turner, Jr.
    Charles F. Turner, Jr. (Fed ID # 05849)
    M. Kyle Thompson (Fed ID # 07919)
    872 S. Pleasantburg Drive
    Greenville, SC  29607
    Telephone: (864) 672-3711
    Facsimile: (864) 373-7055
    Email:  cfturner@wjlaw.net
          mkthompson@wjlaw.net
    **ATTORNEYS FOR PLAINTIFF**

Greenville, South Carolina
March 27, 2018